## CLICKENGER v PATTERSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2639. Decided April 24, 1936

David T. Keating, Columbus, and R. L. Topham, Columbus, for plaintiffs in error.

Phil S. Bradford, Columbus, for defendant in error.

## OPINION

By THE COURT

We have before us motion and application of plaintiff in error requesting that we determine our decision dismissing the cause for failure to file briefs within the time prescribed by Rule VIII of the General Rules, to be in conflict with the decision of the Court of Appeals of Hamilton County (**Long and Allstatter v Willis, 48 Oh Ap, 366) (18 Abs 350)** and by reason thereof that we certify our record to the Supreme Court of Ohio.

Accompanied therewith is a fourteen page memorandum, little of which we find to be pertinent on the application to certify.

Certain detailed statements of fact are not embraced within the record and we have no recollection of such situations. So much of the memorandum as may be argumentative on the question of abuse of discretion is pertinent.

It is always the desire of this court to lend every aid possible to litigants in the interest of a review in the Supreme Court, but in so doing, we must follow the mandate of the law. In other words, when an application is made to certify on the ground of conflict it devolves upon the Court of Appeals to determine judicially whether or not there is conflict between its decision and that of another Court of Appeals in some district within the State of Ohio.

Basing this application for certification on the above test, we are unable to judicially determine that there is any conflict between our decision and that of the Court of Appeals in the First District in the case

of **Long and Allstatter v Willis, 48 Oh Ap, 366.**

The reported case does nothing more than determine that the enforcement of the rule always rests in the sound discretion of the court. The fact that the Hamilton County court exercised a █ certain discretion on the question of enforcement of a rule of court is personal to that court and in no sense a precedent or controlling on the action of this court in the enforcement of its rules.

Prior to January 1935 we could cite cases without number wherein we ourselves followed a policy of liberality and very rarely, if at all, dismissed for failure to file brief within the time prescribed under the rule.

We never had any doubt as to our right so to do in the exercise of a sound discretion.

So long as we were accorded cooperation of the lawyers throughout the district we were able to get along under a very liberal operation of the rule.

A situation finally arose requiring a modification of our former policy. This was due to the fact that many lawyers were following the conclusion that the rule meant nothing and briefs were being filed at their pleasure, thus, in many instances, interfering with the orderly and early disposition of causes and also working hardship and inconvenience on litigants and counsel on opposite side. This situation prompted us to modify our policy to strict enforcement of Rule VIII as to filing briefs within prescribed time unless for good cause shown time be extended.

The fullest publicity was given to this contemplated change of policy. In each of the nine small counties of the district the Clerk of Courts was requested to personally contact all their attorneys and notify them that Rule VIII would be strictly enforced. In Franklin and Montgomery Counties where the volume of business is such that a day is set aside in each county for calling of dockets and at which time all interested lawyers are supposed to be present, the Presiding Judge made the oral announcement to all attending lawyers that on and after January 1, 1935, Rule VIII would be strictly enforced. Repeated notices of such policy in heavy type in prominent position were given in the legal news, a daily publication in each county subscribed to by all practicing lawyers and used by them for the purpose of keeping themselves advised as to the progress of their cases in all courts.

Since January 1, 1935, we have followed our announced policy and we have dismissed petitions in error in all cases where motion has been interposed and there is found to be the failure to file briefs within the time prescribed under the Rule. Our court in the exercise of its discretion is firmly committed to this policy and the strict enforcement of the Rule will work no hardship on any counsel. The only hardship that can or will be imposed will always be due to the fact that counsel has overlooked the observance of the Rule.

If any situation arises whereby the fifteen days (now fifty days under New Rule VII, front pages, Volume 50 Oh Ap Rep.) is too short a period within which to file the brief, there is contained within this rule the provisions for extension of time on motion made to court.

Very frequently it will be found that all opposite counsel will agree, by journal entry, to extension of time for a definite period and it would be rare indeed that this court would not approve such agreed entry. In the event such an agreement can not be procured it is a very simple procedure to direct motion to the court to extend the time. Of course, this motion must be presented before the expiration of the time prescribed for filing and not afterwards. This designated procedure will take care of practically every situation and the phrase "unless good cause be shown to the contrary" as contained in the third paragraph of the Rule will not be established in the absence of showing that for some reason the several procedural steps were not available. The following will be illustrative of what we mean. For instance, counsel upon whom alone the duty of preparing the brief would rest might through accident or sickness not be able to prepare such brief but would be able to file motion for extension of time giving as reasons physical incapacity.

There might arise an instance where the attorney would be stricken with some malady and would remain unconscious for a long period of time or some other exigency whereby the case would be brought within the spirit of the provision of the third paragraph "unless good cause be shown to the contrary."

Under the strict enforcement of the rule with the provisions therein to take care of any and all contingencies, the court is at all times in control of the hearing of cases and their speedy determination. This is of unquestioned importance to litigants.

It is also our view that the successful party in the court below and his counsel are entitled to consideration. Counsel for

defendant in error arranges his work so as to prepare and file the answer brief within ten days following the filing of brief of plaintiff in error. In the absence of strict enforcement of the rule, counsel are kept dangling and probably very frequently are compelled to reorganize their work so as to take care of briefs at possible inopportune times.

A further reason why there is not the presence of conflict is due to the fact that under the rules themselves the time for filing briefs may be left to the determination of the local judges in the several districts if they so desire. Reference is made to Old Rule XI, New Rule X. Rule XI reads as follows:

"The judges of the several districts may adopt such rules upon questions of practice, not covered by the foregoing rules, or as to the time of filing briefs, as they may deem expedient."

While this court has not modified the time prescribed in the general rules for filing briefs, yet it has announced and given effect to a strict enforcement thereof. The rules are certainly plain, easily understood and no one complains of any ambiguity therein.

The rules are authorized to be made and thereby are operative as law. It never can be said that any one is deprived of substantial right because the court follows the law. The application to certify will be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.